UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

HYACINTH GORING and
SHERRON HOWELL,

                      Plaintiffs,                  **OPINION & ORDER**
                                                      **CV-07-2921 (SJF)(RLM)**
        -against-

CONSOLIDATED RECOVERY CORP., and
ROBERT E. GERSTENMIER,

                      Defendants.
-------------------------------------------------------X

FEUERSTEIN, J.

On or about June 20, 2007, Hyacinth Goring ("Goring") and Sherron Howell ("Howell") (collectively, "plaintiffs") commenced this action in the Supreme Court of the State of New York, Kings County ("the state court"), against defendants Consolidated Recovery Corp. ("Consolidated") and Robert E. Gerstenmier ("Gerstenmier") (collectively, "defendants") to recover damages for personal injuries allegedly sustained by plaintiffs as a result of a motor vehicle accident. On July 19, 2007, defendants removed the action to this Court pursuant to 28 U.S.C. § 1332(a)(1) based on the diversity of citizenship of the parties. Pending before the Court are: (1) defendants' motions (a) pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the complaint, and (b) pursuant to Rule 702 of the Federal Rules of Evidence ("Rule 702") to preclude the testimony of plaintiffs' expert witness, Dr. Mariusz Ziejewski, at trial; and (2) plaintiffs' cross motion pursuant to Rule 702 to preclude the testimony of defendants' expert witness, Dr. Charles Coward, at trial. For the reasons stated herein, the

1

action is *sua sponte* remanded to the state court pursuant to 28 U.S.C. § 1447(c) on the basis that this Court lacks subject matter jurisdiction.

I. BACKGROUND

A. Factual Background

Plaintiffs are residents of the State of New York. (Complaint [Compl.], ¶ 1; Plaintiffs' Response to Interrogatories [Plf. Interr. Resp.], Response 1; Transcript of the Deposition Testimony of Sherron Howell [Howell Dep.], p. 4). Consolidated is a domestic corporation, organized and existing under the laws of the State of New York, (Compl., ¶ 2; Answer [Ans.], ¶ 2), with its principal place of business in New Jersey, (Notice of Removal [Rem. Not.], ¶ 3). Gerstenmier is a resident of the State of New Jersey. (Compl., ¶ 4; Ans., ¶ 2).

On September 6, 2006, Goring was operating a Toyota Camry ("plaintiffs' vehicle"), owned by non-party Lionel Phillips, in which Howell, Goring's niece, was a front seat passenger, on Avenue P, at its intersection with 18th Street. While plaintiffs' vehicle was stopped in the intersection in preparation for making a left turn, it was struck from behind by a vehicle owned by Consolidated bearing New Jersey license plate number XW465M, and operated by Gerstenmier in the scope of his employment with Consolidated. (Compl., ¶¶ 5, 12-16; Ans., ¶ 2).

B. Procedural History

On or about June 20, 2007, plaintiffs commenced this action in state court seeking to recover damages for personal injuries they allegedly sustained as a result of the motor vehicle accident. On July 19, 2007, defendants filed a Notice of Removal, removing the action to this

Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that the controversy is between citizens of different states, i.e., plaintiffs are citizens of New York and defendants are citizens of New Jersey. (Rem. Not., ¶ 2).

Following the completion of discovery, defendants filed a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the complaint in its entirety on the basis, *inter alia*, that neither plaintiff sustained a "serious injury" within the meaning of New York Insurance Law § 5102(d). The parties also separately moved to preclude each other's expert witnesses at trial pursuant to Rule 702 of the Federal Rules of Evidence.

II. DISCUSSION

    A. Removal Jurisdiction

The removal statute, 28 U.S.C. § 1441(a), provides, in relevant part, that a civil action filed in state court may be removed by the defendant to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim. See also Lupo v. Human Affairs International, Inc., 28 F.3d 269, 271 (2d Cir. 1994). Federal district courts are "courts of limited jurisdiction," Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S.Ct. 2611, 2616-2617, 162 L.Ed.2d 502 (2005), and only have original subject matter jurisdiction over cases in which there is a federal question, see 28 U.S.C. § 1331, and cases between citizens of different states, see 28 U.S.C. § 1332. "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)).

Removal jurisdiction must be "strictly construed," Syngenta Crop Protection, Inc. v.

Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), and any doubts resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." In re Methyl Tertiary Butyl Ether ("MTBE") Products, 488 F.3d 112, 124 (2d Cir. 2007). The burden of proving the Court's removal jurisdiction rests upon the party asserting jurisdiction. See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

Defendants did not base removal of this action on this Court's federal question jurisdiction and, indeed, no federal question is presented in this case. Rather, defendants removed this action from the state court based upon this Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging, *inter alia*, that plaintiffs are residents of the State of New York, Consolidated has its principal place of business in New Jersey and Gerstenmier is a resident of New Jersey, (Rem. Not. ¶ 3), and that the amount in controversy exceeds the seventy-five thousand dollar ($75,000.00) jurisdictional amount, (Rem. Not. ¶ 4). In their Notice of Removal, defendants do not indicate Consolidated's place of incorporation.

"[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." Herrick Co., Inc. v. Scs Communications, Inc., 251 F.3d 315, 322 (2d Cir. 2001). "[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Id. at 322-323.

"An individual's citizenship * * * is determined by his domicile. * * * Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo v. Corio, 232 F.3d 38, 42 (2d

Cir. 2000). Thus, it is clear that, for purposes of diversity jurisdiction, plaintiffs are citizens of New York and Gerstenmier is a citizen of New Jersey.

A corporation, however, is "deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business * * *." 28 U.S.C. § 1332(c)(1) (emphasis added). "[T]he principal place of business prong does not replace the citizenship of the state of incorporation; it merely adds another state of citizenship- *either* of which could destroy diversity." Grunblatt v. UnumProvident Corp., 270 F.Supp.2d 347, 351 (E.D.N.Y. 2003) (emphasis in original); see also IGY Ocean Bay Properties, Ltd. v. Ocean Bay Properties I Ltd., 534 F.Supp.2d 446, 448 (S.D.N.Y. 2008) (holding that for diversity purposes, a corporation is deemed to be a citizen *both* of the state in which it has its principal place of business and of any state in which it is incorporated). Accordingly, in order for there to be complete diversity of citizenship, the corporate defendant cannot be incorporated, nor have its principal place of business, in the same state in which the plaintiff is a citizen at the time the action is filed. Drake v. Laboratory Corp. of America Holdings, 323 F.Supp.2d 449, 451 (E.D.N.Y. 2004); see also IGY, 534 F.Supp.2d at 449 (holding that "[t]here is no warrant for the Court, no more than there is for either side of the parties, to pick and choose and to look solely at the principal place of business or solely at the state of incorporation to determine that diversity exists.").

Defendants based removal of this action solely on the principal place of business of Consolidated in New Jersey, without regard to the state of its incorporation. In their verified answer to the complaint, defendants admit that Consolidated is "a domestic corporation organized and existing under and pursuant to the law of the State of New York." (Compl., ¶ 2;

Ans., ¶ 2). Accordingly, Consolidated is a citizen of both New Jersey and New York. Since Consolidated is a citizen of New York, there is no complete diversity of jurisdiction between the parties. Accordingly, this Court lacks subject matter jurisdiction and this action must be remanded to the state court pursuant to 28 U.S.C. § 1447(c).

In light of the determination that this action was improperly removed to this Court and the remand to state court, the parties' respective motions are denied without prejudice to renewal in the state court.

III. CONCLUSION

This action is *sua sponte* remanded to the Supreme Court of the State of New York, County of Kings on the basis that this Court lacks subject matter jurisdiction. All pending motions are denied as moot, without prejudice to renewal in the state court. The Clerk of the Court is directed to mail a certified copy of this order to the clerk of the Supreme Court of the State of New York, County of Kings pursuant to 28 U.S.C. § 1447(c), and to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July    , 2009
       Central Islip, New York

Copies to:

Koenigsberg & Associates
1213 Avenue U
Brooklyn, New York 11229
Attn: Paul Koenigsberg, Esq.

Carman, Callahan & Ingham, LLP
266 Main Street
Farmingdale, New York 11735
Attn: James M. Carman, Esq.
Stephanie L. Boden, Esq.